# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

LEONARD WOERNER, and )
MARIA WOERNER, Husband and )
Wife, )
     )
     )
        Plaintiffs, )
     )
v. )   C.A. No. N19C-10-156 AML
     )
CHRISTIANA CARE HEALTH )
SERVICES, INC., DELAWARE )
NEUROSURGICAL GROUP, P.A., )
and MICHAEL SUGARMAN, M.D., )
     )
        Defendants. )

Submitted: July 24, 2020
Decided: August 10, 2020

## ORDER

### Upon Review of the Affidavit of Merit – Rejected

On July 24, 2020, Defendants Delaware Neurosurgical Group, P.A. and Michael Sugarman, M.D. filed a motion asking the Court to review Plaintiff's affidavit of merit, *in camera*, to determine whether it complies with 18 *Del. C.* § 6853(a)(1) and (c).[1]

Specifically, the moving Defendants asked the Court to determine whether the affidavit: (1) is signed by an expert witness; (2) is accompanied by a *curriculum vitae*; (3) states all its opinions with reasonable medical probability; (4) gives an

---

[1] 18 *Del. C.* § 6853(d).

opinion that there has been healthcare medical negligence against each defendant and that the breach is the proximate cause of the injuries alleged in the Complaint; (5) indicates the expert is licensed to practice medicine as of the date of the affidavit, and establishes the expert, for the three years preceding the alleged negligent act, has been engaged in the treatment of patients and/or in the teaching/academic side of medicine in the same or similar field of medicine at issue in this case, which is neurosurgery.

In Delaware, a healthcare negligence lawsuit must be filed with an affidavit of merit, signed by an expert, and accompanied by the expert's current *curriculum vitae*.[2] The expert must be licensed to practice medicine as of the affidavit's date and engaged in the same or similar field as the defendant in the three years immediately preceding the alleged negligence.[3] The affidavit must state that reasonable grounds exist to believe the defendant was negligent in a way that proximately caused the plaintiff's injury.[4] The statute's requirements are minimal. Accordingly, an affidavit of merit tracking the statutory language complies with the statute.[5]

---

[2] *Id.* § 6853(a)(1).
[3] *Id.* § 6853(c).
[4] *Id.*
[5] *See Dishmon v. Fucci*, 32 A.3d 338, 342 (Del. 2011) ("In order to satisfy the *prima facie* burden, an Affidavit of Merit must only contain an expert's sworn statement that medical negligence occurred, along with confirmation that he or she is qualified to proffer a medical opinion.").

Plaintiff's affiant opines that "there are reasonable grounds to believe that the applicable standards of care were breached by the Defendants in this case." By referring only to "Defendants" collectively, the affiant fails to meet the standard requiring an affidavit of merit be filed "as to" each defendant.[6] The affidavit of merit does not specifically name the moving Defendants or any other defendant.

Because the affidavit substantially complies with the statute and the deficiency merely may be a drafting error,[7] the Court will allow Plaintiff 30 days from this Order's date in which to file an acceptable affidavit of merit as to each defendant, if that is what the expert believes. If an affidavit as to each defendant is not perfected in time, the Court will dismiss the claims against that defendant without further notice or opportunity to be heard.

**IT IS SO ORDERED.**

_____
Abigail M. LeGrow, Judge

Original to Prothonotary
cc:   Timothy E. Lengkeek, Esquire
      Colleen D. Shields, Esquire
      Alexandra D. Rogin, Esquire

---

[6] 18 *Del. C.* § 6853(a)(1).
[7] *Id.* § 6853(a)(2).